IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ZUFFA, LLC *d/b/a* THE ULTIMATE
FIGHTING CHAMPIONSHIP (UFC),

      Plaintiff(s),

v.

CLINTON A. POHL *Individually, and as officer, director, shareholder, and/or principal of SAUCE, INC., d/b/a SAUCE*, SAUCE, INC *d/b/a* SAUCE,

      Defendants.

11cv0508
**ELECTRONICALLY FILED**

## Memorandum Order on Amended Motion to Vacate Default Judgment (Doc. No. 16)

Currently pending before this Court is defendants' amended motion to vacate or set aside the default judgment entered against them on August 5, 2011. Doc. No. 16. On April 18, 2011, plaintiff filed a complaint against defendants alleging that defendants either used an illegal satellite receiver, misrepresented their business establishment ("Sauce") as a residence, or removed an authorized receiver in order to intercept and/or obtain plaintiff's broadcast of The Ultimate Fighting Championship (UFC) on November 10, 2010. Doc. No. 1. The complaint and summons were served on defendants by process served on May 2, 2011. Doc. Nos. 4-5. An answer was due on May 23, 2011. On July 20, 2011, plaintiff filed on ECF, and served on defendants via regular mail, the request for default, affidavit in support thereof, and Clerk's certification. Doc. No. 6-3. On July 21, 2011, the Clerk of this Court entered default against defendants, and on

1

August 4, 2011, plaintiff filed a motion for default judgment in the sum of $42,551.00, which this Court granted on August 5, 2011.  Doc. No. 11.

On September 12, 2011, defense counsel entered his appearance on the docket (doc. no. 12) and filed a motion to vacate the default judgment.  Doc. No. 13.  The Court ordered a response from plaintiff, and on September 22, 2011, plaintiff filed a response in opposition thereto.  Doc. No. 14.  On September 27, 2011, the Court entered an Order denying without prejudice defendants' motion for default judgment, and issued the following reasoning in support thereof:

> Where, as here, a party seeks to have a default judgment vacated, Fed. R. Civ. Pr. 60(b) is applicable (as opposed to entry of default under Fed. R. Civ. Pr. 55).  Rule 60(b) provides that on motion and just terms, the Court may relieve a party or its legal representative from a final judgment for several reasons including: (1) mistake, (2) inadvertence, (3) surprise, or (4) excusable neglect.  *FROF, Inc. v. Stuart C. Harris and Roger Maggio*, 695 F.Supp. 827, 830 (E.D. Pa. 1988).
>
> In addition to a finding of mistake, inadvertence, surprise, or excusable neglect, the United States Court of Appeals for the Third Circuit requires that the Court undertake two additional inquiries: (1) whether granting of the motion would work prejudice to the plaintiffs, and (2) whether a meritious defense had been presented by the defendant in support of his motion to set aside the default.  *FROF, Inc.*, 695 F.Supp. 827, 830-31.
>
> Keeping in mind that all doubts should be resolved in favor of the movant who seeks to set aside the default judgment, *Medunic v. Lederer*, 533 F.2d 891, 893-894 (3d Cir. 1976), the Court finds that while defendants, through counsel, have submitted valid reasons supporting their contention of mistake and/or excusable neglect in this case, and the granting of the motion would not work a great prejudice to plaintiff (given the relatively short delay of time between the default and the instant motion), defendants have failed to set forth any meritorious, or even arguably meritorious, defense in their motion.
>
> For these reasons, the Court HEREBY DENIES the instant motion to vacate the default judgment (doc. no. 13) WITHOUT PREJUDICE for defendants to file a renewed motion to vacate the default judgment, together with an appropriate affidavit (*submitted by the named defendants*) setting forth their arguably meritorious defense.  *Should defendants elect to file an appropriate renewed motion to vacate default judgment, said motion* (*and*

> *supporting affidavit*) shall be filed by noon on October 4, 2011, with response by plaintiff, by noon on October 7, 2011, unless the parties inform the Court that the case has otherwise been resolved.

Doc. No. 15. (Emphasis Added).

Instead of setting forth the Court's procedure for submitting an affidavit from the named defendants setting forth an arguably meritorious defense (as required by the above quoted Order of Court), defendants filed the instant motion and now contend that defendant, Clinton Pohl, was not present at the time of the transmission (and therefore had no "supervisory control"), that defendants did not willfully transmit the broadcast in question, and that the "local cable provider may have incorrectly and/or inadvertently transmitted the broadcast in question." Doc. No. 16. Plaintiff strongly opposes those arguments in its response thereto, and states that the issues raised by defendants merely address issues of willfulness in connection with damages, and do not raise any issue regarding liability. This Court agrees. Doc. No. 17. See 47 U.S.C. § 605.

Because defendants have failed to adhere to the Court's established procedure to determine whether a valid defense exists (i.e., filing a supporting affidavit), the Court DENIES defendants' amended motion to vacate default judgment. Doc. No. 16.[1]

          **SO ORDERED** this 7th day of October, 2011.

          s/Arthur J. Schwab
          Arthur J. Schwab
          United States District Judge

cc: All Registered ECF Counsel and Parties

---

[1] However, the Court notes that in an exhibit attached to defendants' renewed motion, it appears that as of June 9, 2011, plaintiff was willing to compromise its claim in the amount of $12,000.00 (default judgment was entered in the amount of $42,551 on August 5, 2011). See Doc. No. 16-1; Doc. No. 11. Although the passage of time and the efforts expended by plaintiff in obtaining default judgment have potentially changed the settlement posture of this case, the Court strongly encourages the parties to meet in an attempt to resolve this case.